IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIM NATIONALEASE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-480 |
| GENUINE PARTS COMPANY and DISCOVER PROPERTY AND CASUALTY INSURANCE, | ) Judge Cathy Bissoon |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I.   MEMORANDUM**

Pending before the Court is Defendant Genuine Parts Company's Motion to Dismiss (Doc. 12). For the reasons stated herein, the Court will deny Defendant's motion to dismiss. The Court, nonetheless, will stay this case, pending resolution of parallel state court proceedings.

**BACKGROUND**

**A. Related State Court Action**

On November 24, 2009, Cynthia L. Walters filed suit in the Court of Common Pleas of Washington County, Pennsylvania, alleging damages from an automobile accident that resulted in the death of her husband. See Compl. ¶¶ 7-9 (Doc. 1); Compl. Ex. A (Doc. 1-2). Walters alleged that one of Defendant Genuine Parts Company's ("Genuine Parts's") trucks collided with her late husband's car, resulting in his death. Compl. ¶ 9 (Doc. 1). On February 21, 2011, Defendant Genuine Parts filed a Complaint to Join Plaintiff AIM NationaLease as an additional defendant. Id. at ¶ 12. Defendant Genuine Parts seeks contribution and indemnification from Plaintiff, alleging that the car accident was caused by Plaintiff's negligent maintenance of Defendant Genuine Parts's truck and that Plaintiff breached a Vehicle Maintenance Agreement

1

between Plaintiff and Defendant Genuine Parts.  Id. at ¶¶ 12-18.  On December 7, 2011, Plaintiff filed an Answer, New Matter and Cross-Claim (Doc. 13-1), seeking contractual indemnity and common law indemnity and contribution from Defendant Genuine Parts.

### B. This Action

On April 12, 2012, Plaintiff brought this declaratory judgment action seeking declarations that:  (1) Defendant Genuine Parts breached the Vehicle Maintenance Agreement by failing to name Plaintiff as an additional insured on an insurance policy issued to Defendant Genuine Parts by Defendant Discovery Property and Casualty Insurance ("Discover"), and (2) Plaintiff is entitled to contractual indemnity from both Defendants pursuant to the Vehicle Maintenance Agreement and the insurance policy.  Compl. ¶¶ 33-44 (Doc. 1).  In both counts of the Complaint, the ultimate relief sought by Plaintiff is a declaration that Defendants must defend and indemnify Plaintiff in the state court action.  Id.

Defendant Genuine Parts moved to dismiss for lack of subject matter jurisdiction, asserting that Plaintiff has failed to sufficiently plead the requisite amount in controversy required under 28 U.S.C. § 1332.  Mot. to Dismiss ¶ 8 (Doc. 12).  Alternatively, Defendant Genuine Parts asserts that this Court should decline to assert jurisdiction because of the related, pending state court action.  Def.'s Br. 5-7 (Doc. 13).

## ANALYSIS

### A. Amount in Controversy Requirement for Diversity Jurisdiction

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.  Compl. ¶ 4 (Doc. 1).  Plaintiff seeks declarations that would require Defendants to defend and indemnify Plaintiff in the underlying state court action, and alleges that the "amount at issue in the underlying suit is in excess of $75,000.00."  Compl. ¶ 4 (Doc. 1).  Defendant Genuine Parts

asserts that Plaintiff fails to plead any damages or how the declaratory relief requested by Plaintiff could possibly result in damages over $75,000. See Def.'s Br. 3-4 (Doc. 13).

In a declaratory judgment action, "the amount in controversy is determined by 'the value of the object of the litigation.'" Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (quoting Hunt v. Wash. Apple Advertising Comm'n, 432 U.S. 333, 347 (1997)). The value of the object of the litigation in this case is the value of a defense and indemnification in the state court action. In the state court action, the plaintiff asserts a survival action and a wrongful death claim against Defendant Genuine Parts. See Doc. 1-2. Defendant Genuine Parts alleges that Plaintiff caused the state court plaintiff's injuries and damages, that Plaintiff is liable to the state court defendants on the state court plaintiff's causes of action, that Plaintiff's negligence caused various other damages to Defendant Genuine Parts, and that Defendant Genuine Parts is entitled to indemnification from Plaintiff. Doc. 1-3 at ¶¶ 10-12, 19. Plaintiff has pled sufficient facts to support a good faith allegation that the value of such a defense and indemnification is over $75,000. See Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004) (explaining that the amount in controversy "need not be proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith allegation"). This Court, therefore, has subject matter jurisdiction over this case under 28 U.S.C. § 1332.

### B. Discretionary Exercise of Jurisdiction Under the Declaratory Judgment Act

Defendant Genuine Parts alternatively argues that this Court should exercise its discretion to decline jurisdiction under the Declaratory Judgment Act. Def.'s Br. 5-7 (Doc. 13). The Declaratory Judgment Act confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). A district court may properly exercise this discretion to decline jurisdiction over a declaratory judgment action, "where parallel proceedings, presenting opportunity for ventilation

of the same state law issues, [are] underway in state court." Id. at 290.  Among relevant considerations for determining whether to exercise jurisdiction are "[a] general policy of restraint when the same issues are pending in a state court" and "[a]voidance of duplicative litigation." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000); see also Wilton, 515 U.S. at 280-81, 290 (finding that district court acted within its discretion in staying declaratory judgment action in order to avoid piecemeal litigation and bar the plaintiff's attempt at forum shopping).

This case and the parallel state court proceeding involve identical state law issues related to the Vehicle Maintenance Agreement and whether Plaintiff is entitled to a defense and indemnification from Defendant Genuine Parts.  Plaintiff argues that this Court nonetheless should assert jurisdiction because Plaintiff's breach of contract claim in this case was not raised in the state court action.[1]  Pl.'s Br. 3 (Doc. 16).  Plaintiff's breach of contract claim in this case appears to be a variation of the contractual indemnity cross claim made by Plaintiff in the state court action.  Both claims seek identical relief – indemnity pursuant to the Vehicle Maintenance Agreement.  See Compl. 9 (Doc. 1) (requesting declaration that:  "As a result of breaching the Vehicle Maintenance Agreement, Genuine Parts is ordered to defend and indemnify AIM NationaLease for all claims asserted against AIM NationaLease in Washington County Court of Common Pleas Case No. 2009-10449."); Answer, New Matter and Cross-Claim in State Court Action 9 (Doc. 13-1) (asserting that Plaintiff "is entitled to complete indemnification from Co-Defendants, Genuine Parts Company t/d/b/a NAPA Auto Parts and Nicholas P. Jackson pursuant to the Vehicle Maintenance Agreement . . . .").  Even if Plaintiff's breach of contract theory were "new," there appears to be no reason why that theory could not be presented to the state court.  The state court documents provided by the parties appear to indicate that Defendant Discover is

---

[1] Plaintiff apparently concedes that its contractual indemnity claim in this case is identical to its contractual indemnity claim in the state court case.  See Pl.'s Br. 3 (Doc. 16).

not a party to the state court action; however, there appears to be no reason why Defendant Discover could not be joined in the state court action.

In recognition of "[a] general policy of restraint when the same issues are pending in a state court" and "[a]voidance of duplicative litigation," State Auto, 234 F.3d at 134, and to bar Plaintiff's attempt at forum shopping, see Wilton, 515 U.S. at 280-81, 290, this Court declines to exercise jurisdiction over this declaratory judgment action.

**CONCLUSION**

For all of the reasons stated above, this Court declines to exercise jurisdiction over this action.  The Court, however, DENIES Defendant Genuine Parts Company's Motion to Dismiss (Doc. 12), and instead STAYS this action, pending resolution of the state court action.[2]  See Wilton, 515 U.S. at 288 n.2 ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.")

## II.   ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant Genuine Parts Company's Motion to Dismiss (Doc. 12) is **DENIED**.  This case is **STAYED** pending resolution of the state court action.

**IT IS SO ORDERED**.

                                                          s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

---

[2]  The stay of this case is not an invitation for Plaintiff to withhold presenting of issues to the state court, only to later return to this Court with purportedly "new" claims.  Such actions would defeat the stay's purposes of promoting judicial economy by avoiding duplicative litigation and barring Plaintiff's attempt at forum shopping.

July 31, 2012

cc (via e-mail):

All counsel of record.